Daniel J. Wadley (10358)
wadleyd@sec.gov
Amy J. Oliver (8785)
olivera@sec.gov
Alison Okinaka (7954)
okinakaa@sec.gov
Cheryl M. Mori (8887)
moric@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel.  801-524-5796
Fax: 801-524-3558

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>TRAFFIC MONSOON, LLC, a Utah Limited Liability Company and CHARLES D. SCOVILLE, an individual,<br><br>DEFENDANTS. | **[PROPOSED] ORDER APPOINTING RECEIVER**<br><br>Case No.: 2:16-cv-00832-JNP<br><br>Judge Jill N. Parrish |

Before the Court is an *Ex Parte* Motion for Appointment of Receiver brought by the Securities and Exchange Commission (the "Commission") (Docket No.__).  Having considered the Commission's Motion, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over Defendants.

2. The Commission has made a sufficient and proper showing that the appointment

of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Traffic Monsoon, LLC ("Traffic Monsoon"), and all assets of Charles D. Scoville ("Scoville") (Traffic Monsoon and Scoville, together, "Receivership Defendants") (assets of Traffic Monsoon and Scoville, collectively, "Receivership Assets"); and,

3. The Commission has also made a sufficient showing that this Order Appointing Receiver should issue without notice.  Absent the issuance of this Order, Defendants would likely dissipate or otherwise conceal assets and would likely continue to receive funds from investors. Because the Defendants are unlikely to have sufficient assets to satisfy the full value of any judgment obtained in this case, any dissipation of the assets would irreparably harm the investors on whose behalf the Commission brought this suit.

**IT IS HEREBY ORDERED:**

1. Mary Margaret (Peggy) Hunt of Dorsey & Whitney LLP is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

2. From the date of the entry of this Order through the conclusion of the hearing scheduled before the Court on August 5, 2016, or any continuance thereof, the Receiver shall have the following general powers and duties.

## I. General Powers and Duties of Receiver

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Traffic Monsoon, and any affiliated entities owned or controlled by the Receivership Defendants under applicable law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

4.	The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control of the Receivership Assets and the operation of Traffic Monsoon and any affiliated entities owned or controlled by the Receivership Defendants and shall pursue and preserve all of their claims.

## II.  Access to Information

5.	The Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, agents, including those maintaining and/or hosting servers or websites,  and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to immediately preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all property interests of the Receivership Defendants; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

6.	The Receivership Defendants and their agents shall provide any passwords and execute any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host.  The Receivership Defendants shall provide any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space.

7.	The Receivership Defendants are required to assist the Receiver in fulfilling her

duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III.  Access to Books, Records and Accounts

8.  The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants.  All persons and entities having control, custody or possession of any Receivership Assets are hereby directed to turn such property over to the Receiver.

9.  The Receivership Defendants, as well as their agents, servants, employees, attorneys, accountants any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, her agents and/or employees.

### IV.  Access to Real and Personal Property

10.  The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, servers, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

11.  The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located.  Upon receiving actual notice of this Order by

personal service, email or facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, disposing of, transferring, or erasing anything on such premises.

12.  In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

13.  The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

### V.  Notice to Third Parties

14.  The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when

received, to the Receiver. All personal mail of any individual Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

## VI. Liability of Receiver

15. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

16. The Receiver, her counsel, and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

17. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

## VII. Fees and Expenses

18. Subject to Paragraphs 19 – 20 immediately below, the Receiver need not obtain

Court approval prior to the disbursement of receivership funds for expenses in the ordinary course of the administration and operation of the receivership, including but not limited to costs associated with communications with potential claimants and securing electronic information.

19.     The Receiver is authorized to employ professionals to assist her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any professionals without first obtaining an Order of the Court authorizing such engagement.  The Receiver is authorized to retain Dorsey & Whitney LLP, a firm in which the Receiver is a partner, as the Receiver's counsel in this matter.

20.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the receivership estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

IT IS SO ORDERED, this _____ day of _____, 2016, at Salt Lake City, Utah

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE