# EXHIBIT 1

UNITED STATES DISTRICT COURT
for the Utah

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>TRAFFIC MONSOON, LLC, a Utah Limited Liability Company and CHARLES D. SCOVILLE, an individual,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No.: 2:16-cv-00832-JNP<br>)<br>)<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: <u>MH Pillars Inc. dba Payza</u>
*(Name of person to whom the subpoena is directed)*

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

*All documents set forth on the attached Exhibit A.*

| **PLACE**<br>DORSEY & WHITNEY LLP<br>51 West 52nd Street<br>New York, NY 10019 | **DATE AND TIME**<br>**October 3, 2016 at 4:00 p.m.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                      *CLERK OF COURT*

                                                      OR

_____               _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing Peggy Hunt, Receiver, who issues or requests this subpoena, are:

    Michael F. Thomson
    DORSEY & WHITNEY LLP
    136 S. Main Street, Suite 1000
    Salt Lake City, Utah 84101
    thomson.michael@dorsey.com
    (801) 933-7360

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:16-cv-00832-JNP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____.

■ I served the subpoena by delivering a copy as follows: _____ by certified mail on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ N/A

My fees are $ N/A for travel and $ N/A for services, for a total of $ N/A .

I declare under penalty of perjury that this information is true and correct.

Date: _____

<em>Server's Signature</em>

<em>Printed name and title</em>

<em>Server's Address</em>

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 **(A)** production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## INSTRUCTIONS

1. <u>General</u>. You should produce all documents and other materials described below in your actual or constructive possession or custody, or subject to your control, as further described herein.

2. <u>Privilege</u>. If you claim attorney-client privilege or any other privilege or protection from production as to any of the requests below, you must provide a list of the subject documents, indicating the date prepared, author, recipient(s), subject, and the privilege or protection claimed, sufficiently identifying the documents to which you claim the privilege or protection attaches.

3. <u>Rules of Construction</u>. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside the scope hereof. The use of the singular form of any word includes the plural and vice versa.

4. <u>Definitions</u>. The following terms have the meaning set forth below for purposes of this request:

    a. "<u>Document</u>" or "<u>Documents</u>" includes all "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such Documents as are necessary for the decoding, playing back, printing out, and/or interpretation thereof, and any other Documents which are necessary to convert such information into a useful and useable format. Documents also include, but are not limited to all written, printed or recorded matter of any kind, whether printed, recorded or reproduced by any mechanical or electronic process, written or produced by hand or produced by or stored in a computer, regardless of origin or location, including, but not limited to, financial statements, books, records, reports, correspondence, emails, text messages, letters, telegrams, telecopies, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, check stubs or receipts or checkbook registers, bank statements, bank passbooks, confirmations, statements of accounts, schematics, analyses, diaries, graphs, notes, notebooks, evaluations, charts, tables, working papers, plans,

indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-recordings, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, marginal comments appearing on any such Documents, and all other written, recorded or printed matter of any kind, including, but not limited to, any information contained in any computer although not yet in printed, or any other and all other data compilations from which information can be obtained and translated if necessary.  This definition includes drafts of all "Documents" regardless of whether they were executed or not and all non-identical copies shall be considered a separate Document for purposes of the requests set forth herein.

        b.      "Scoville" means Charles Scoville.

        c.      "Scoville Affiliates" means, collectively or individually as the case may be, Traffic Monsoon UK Limited, Traffic Monsoon UK, Semera Hussain, Taylor Scoville, Kelly Escobar, AdHitProfits, TviPtc, InfinityBux, BuxSecure, PowerfulBux, ForeverBux, BuxUnleashed, Banrev.com, Ultimate Power Boost, WealthEngineX.com, and U Launch Formula.

        d.      "Traffic Monsoon" means Traffic Monsoon, LLC.

        e.      "You" and "Your" means MH Pillars Inc., its parent companies, subsidiaries and affiliates (including but not limited to Solitaire Holdings Inc., MH Pillars Ltd., Payza.com Limited, Damaras Limited, AlertPay, Payment World, and Pay World), as well as the officers, directors, agents, servants, employees, attorneys, accountants or any person acting on their behalf.

## DOCUMENTS TO BE PRODUCED

1. All Documents in Your possession or control evidencing all contracts and/or agreements between You, on the one hand, and Traffic Monsoon, Scoville, or any of the Scoville Affiliates, on the other hand.

2. For the period of January 1, 2013 through the date of production, all monthly account statements, transaction histories and/or general ledger records for all accounts (whether open or closed) in the name of Traffic Monsoon, Scoville, or any of the Scoville Affiliates, including all underlying transaction data in native electronic format accessible through Microsoft Excel, Access, SQL or similar software applications (including but not limited to file extensions .xls, .xlsx, .csv, .txt, .accdb, .mdb, and .mdf), and descriptions of all transaction types for any related accounts or sub-accounts.

3. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents evidencing transactions with such accounts, including but not limited to: (a) wire transfer advices; (b) electronic funds transactions involving ACH, SWIFT or similar networks; (c) credit card transactions; (d) debit card transactions; (e) prepaid card transactions; (f) Bitcoin transactions; (g) other digital currency transactions; (h) debit memos; (i) credit memos; (j) other deposits or loads to the accounts (including deposit slips and associated copies of the fronts and backs of checks); (k) other withdrawals from the accounts (including copies of the fronts and backs of all checks); (l) money orders; and (m) copies of the fronts and backs of all cashiers' checks.

4. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all chargeback logs, statements, schedules, transmittal advices and other Documents evidencing chargebacks and/or reversal requests.

5. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all refund logs, statements, schedules, transmittal advices and other Documents evidencing refunds and/or similar requests.

6. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all void logs, statements, schedules, transmittal advices and other Documents evidencing voids and/or similar requests.

7. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all daily sales reports and other Documents evidencing sales activity.

8. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents related to any fees charged on such accounts, including but not limited to holdback fees, merchant fees, etc.

9. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents evidencing creation, ownership, users, control or signatories of such accounts.

10. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents related to account case files, including but not limited to: (a) reports; (b) notes; (c) memoranda; (d) financial statements; (e) tax returns; (f) credit reports; and (g) corporate, partnership and/or joint venture contracts.

11. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents related to (a) the identification of account holders; (b) Know Your Customer procedures; (c) reports of foreign bank and financial accounts (FinCEN Form 114); and (d) other related due diligence procedures and verification methods.

12. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents related to correspondence between you, on the one hand, and Traffic Monsoon, Scoville, or any of the Scoville Affiliates, on the other hand, including but not limited to mail, email, and text messages.

13. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents evidencing the amount of money in the accounts as of July 26, 2016.

14. For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents evidencing the amount of money in the accounts as of the date of production.

15.     For all accounts for which statements, histories or records are produced pursuant to Paragraph 2, all Documents evidencing the transfer of funds from the accounts to Sodoma Law, in trust or otherwise.