Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
       thomson.michael@dorsey.com

*Court-Appointed Receiver and Attorneys for Court-Appointed Receiver*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff.<br><br>V.<br><br>TRAFFIC MONSOON, LLC, a Utah Limited Liability Company, and CHARLES DAVID SCOVILLE, an individual,<br><br>                    Defendants. | **FIRST INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JULY 27, 2016 THROUGH MARCH 31, 2017**<br><br>2:16-cv-00832-JNP<br><br>The Honorable Jill N. Parrish |

Peggy Hunt, the Court-appointed Receiver (the "Receiver") of Traffic Monsoon, LLC ("Traffic Monsoon") and the assets of Charles David Scoville ("Scoville" and, together with Traffic Monsoon, the "Defendants") that were obtained directly or indirectly from Traffic Monsoon, hereby submits this interim "Fee Application," seeking approval by the Court of fees and expenses incurred by the Receiver, the Receiver's counsel, Dorsey & Whitney LLP ("Dorsey"), and the Receiver's accountants, Berkley Research Group ("BRG"), for the period of July 27, 2016 through March 31, 2017 (the "Application Period") and authorization to pay all

4816-1548-2184\1

allowed fees and expenses from funds of the Receivership Estate.  In support hereof, the Receiver states as follows.

I.

**CASE BACKGROUND**

1. On July 26, 2016, the above-captioned case was commenced by the United States Securities and Exchange Commission (the "SEC") against the Defendants, alleging violations of federal securities laws.  On that same day, the Court entered a *Temporary Restraining Order and Order Freezing Assets*, which was amended, in relevant part, on July 27, 2016 and on November 4, 2016.[1]

2. On July 27, 2016, the Court entered an *Order Appointing Receiver* (the "Receivership Order"),[2] thereby appointing the Receiver and stating in paragraphs 19 and 20 as follows:

> 19. The Receiver is authorized to employ professionals to assist her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any professionals without first obtaining an Order of the Court authorizing such engagement.  The Receiver is authorized to retain Dorsey & Whitney LLP, a firm in which the Receiver is a partner, as the Receiver's counsel in this matter.
>
> 20. The Receiver and Retained Professionals are entitled to reasonable compensation and expense reimbursement from the receivership estate as described in the "Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

---

[1] Docket Nos. 8, 14 & 56.

[2] Docket No. 11.

3. The Court thereafter entered an *Order Granting Receiver's Ex Parte Motion Seeking Authorization to Employ Accountants*,[3] authorizing the Receiver's employment of BRG effective as of September 2, 2016.

4. On March 28, 2017, the Court entered, among other things, a *Preliminary Injunction*[4] and an *Amended Order Appointing Receiver* (the "Amended Receivership Order").[5] The Amended Receivership Order restates, without making substantive changes to, paragraphs 19 and 20 of the Receivership Order quoted in ¶ 2 above.[6]

5. On May 4, 2017, the Receiver filed her *First Status Report* (the "Status Report").[7] The Status Report outlines the work done by the Receiver and her professionals during the current Application Period and is incorporated herein by reference.

## II.

### FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED

6. During the Application Period, significant professional services were required to perform the work outlined in the Status Report that is incorporated herein.

7. The Receiver and her professionals have provided actual and necessary services related to the matters summarized in the Status Report and detailed in the Exhibits attached

---

[3] Docket No. 25.

[4] Docket No. 79.

[5] Docket No. 81.

[6] *Id*. (Amended Receivership Order ¶¶ 17-18).

[7] Docket No. 91.

hereto for the benefit of the Receivership Estate.[8]  Out-of-pocket expenses were also incurred by the professionals in rendering services to the Receivership Estate.

8.   Dorsey and BRG have submitted their invoices to the Receiver on a monthly basis, and the Receiver has reviewed and approved the invoices, including with any reductions outlined below.

9.   The Fee Application complies with the SEC's Billing Instructions.  The Receiver submitted this Fee Application to the SEC prior to filing it with the Court, and the SEC has informed the Receiver that it has no objection to the payment of the fees or reimbursement of the expenses outlined herein.

10.   With any adjustments made, the Receiver believes that the fees and expenses are reasonable, especially in light of the volume of work that has been done over the eight-month Application Period as outlined in the Status Report.  She also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

### III.

### SUMMARY OF EXHIBITS

11.   Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached three Exhibits described below.

12.   The Receiver and Dorsey have maintained their time in records organized according to tasks, with each task record being maintained in chronological order.  BRG has maintained its time in monthly time reports, with each month being broken into task categories.

---

[8] The Exhibits filed with the Court have been redacted to protect privileged and strategic information.  The Receiver has provided unredacted Exhibits to the Court for in camera review.

13. The following three Exhibits are attached hereto in support of this Fee Application:

**Exhibit A—Time Records of Receiver**

| | |
|---|---|
| Exhibit A | Summary by Task |
| Exhibit A-1 | Case Administration |
| Exhibit A-2 | Asset Recovery |
| Exhibit A-3 | General Litigation |

**Exhibit B—Time Records of Dorsey**

| | |
|---|---|
| Exhibit B | Summary by Task |
| Exhibit B-1 | Case Administration |
| Exhibit B-2 | Asset Recovery |
| Exhibit B-3 | General Litigation |
| Exhibit B-4 | International Services |
| Exhibit B-5 | Out-of-Pocket Expenses |

**Exhibit C—Time Records of BRG**

| | |
|---|---|
| Exhibit C | Summary by Month |
| Exhibit C-1 | September 2016 Invoice |
| Exhibit C-2 | October 2016 Invoice |
| Exhibit C-3 | November 2016 Invoice |
| Exhibit C-4 | December 2016 Invoice |
| Exhibit C-5 | January 2017 Invoice |
| Exhibit C-6 | February 2017 Invoice |
| Exhibit C-7 | March 2017 Invoice |

## IV.

## **SUMMARY OF AMOUNTS REQUESTED**

14. The total amounts requested for the Receiver and her professionals in this Fee Application are summarized as follows:

    a. <u>Receiver</u>: From July 27, 2016 through the end of the Application Period on March 31, 2017, the Receiver has worked a total of 393.10 hours providing receivership services to the Receivership Estate for which fees in the total amount of $139,747.05 have been incurred.[9]

    b. <u>Dorsey</u>: From July 27, 2016 through the end of the Reporting Period on March 31, 2017, Dorsey has worked a total of 1,113 hours and provided legal services to the Receivership Estate for which fees in the total amount of $341,762.50 and out-of-pocket expenses in the total amount of $9,221.73 have been incurred.[10]

    c. <u>BRG</u>: From July 27, 2016 through the end of the Reporting Period on March 31, 2017, BRG has worked a total of 1,340 hours providing forensic and general accounting services to the Receivership Estate for which fees in the total amount of $351,216.50 and out-of-pocket expenses in the total amount of $519.25 have been incurred.[11]

15. The amounts requested include voluntary reductions made by the respective professionals in an exercise of their billing judgment and/or at the request of the Receiver or the

---

[9] *See* Exh. A.

[10] *See* Exh. B.

[11] *See* Exh. C.

SEC. Dorsey has voluntarily reduced its fees in the total amount of $9,582.50. BRG has voluntarily reduced its fees in the total amount of $9,735.10.

16. The Receivership Estate has sufficient funds to pay all amounts requested.[12]

## V.

## **PRIOR REQUESTS AND INTERIM NATURE OF REQUEST**

17. This is the first Fee Application of the Receiver and her professionals. Thus, there have been no earlier requests for payment made to the Court, and the Receiver has not paid herself, Dorsey or BRG to date.

18. The Receiver and her professionals understand that the authorization and payment of fees and expenses is interim in nature. All fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and final fee application.

## VI.

## **CONCLUSION AND REQUEST FOR COURT APPROVAL**

19. For the reasons set forth above and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to contain the administrative expenses of this Receivership Estate, and she submits that given the work that has been performed as outlined in the Receiver's Status Report, the fees and expenses that have been incurred are reasonable.

20. Thus, the Receiver respectfully submits this Fee Application and requests that the Court enter an Order allowing the fees and expenses requested herein, and authorizing the

---

[12] *See* Docket No. 91 (Status Report, p. 26 & Exhs. B-D).

Receiver to pay the fees and reimburse the expenses from funds of the Receivership Estate. A proposed form of *Order* is attached hereto as **Exhibit D**.

Dated this 10th day of May, 2017.

                                          **RECEIVER**

                                          /s/ Peggy Hunt
                                          Peggy Hunt
                                          *Receiver, Peggy Hunt*

                                        **DORSEY & WHITNEY LLP**

                                          /s/ Michael F. Thomson
                                          Michael F. Thomson
                                          *Attorneys for Receiver, Peggy Hunt*

                                        **BERKLEY RESEARCH GROUP**

                                        Marvin Tenenbaum
                                          *Senior Vice President & Special Advisor to the Chairman*

4816-1548-2184\1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2017, I caused the foregoing **FIRST INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JULY 27, 2016 THROUGH MARCH 31, 2017** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record in this case.

                                                         */s/ Candy Long*