Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
**DORSEY & WHITNEY LLP**
111 South Main Street, 21st Floor
Salt Lake City, UT  84111-2176
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
        thomson.michael@dorsey.com

*Court-Appointed Receiver and Attorneys for Court-Appointed Receiver*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRAFFIC MONSOON, LLC, a Utah Limited Liability Company, and CHARLES DAVID SCOVILLE, an individual,<br><br>Defendants. | **EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JULY 1, 2019 THROUGH MARCH 31, 2020**<br><br>2:16-cv-00832-JNP<br><br>The Honorable Jill N. Parrish |

Peggy Hunt, the Court-appointed Receiver (the "Receiver") of Traffic Monsoon, LLC

("Traffic Monsoon") and the assets of Charles David Scoville ("Scoville" and, together with

Traffic Monsoon, the "Defendants") that were obtained directly or indirectly from Traffic

Monsoon, hereby submits this interim "Fee Application," seeking approval by the Court of fees

and expenses incurred by the Receiver, the Receiver's counsel, Dorsey & Whitney LLP

("Dorsey"), and the Receiver's accountants, Berkley Research Group, LLC ("BRG"), for the

period of July 1, 2019 through March 31, 2020 (the "Application Period") and authorization to

pay all allowed fees and expenses from funds of the Receivership Estate.  The Receiver

respectfully submits that the Application should be approved.  In support hereof, the Receiver

states as follows.

# I.

## CASE BACKGROUND

1.      On July 26, 2016, the above-captioned case was commenced by the United States

Securities and Exchange Commission (the "SEC") against the Defendants, alleging violations of

federal securities laws.  On that same day, the Court entered a *Temporary Restraining Order and

Order Freezing Assets*, which was amended, in relevant part, on July 27, 2016 and on November

4, 2016.[1]

### *Relevant Orders*

2.      On July 27, 2016, the Court entered an *Order Appointing Receiver* (the

"Receivership Order"),[2] thereby appointing the Receiver and stating in paragraphs 19 and 20 as

follows:

> 19.      The Receiver is authorized to employ professionals to assist her in carrying
> out the duties and responsibilities described in this Order. The Receiver shall not
> engage any professionals without first obtaining an Order of the Court authorizing
> such engagement.  The Receiver is authorized to retain Dorsey & Whitney LLP, a
> firm in which the Receiver is a partner, as the Receiver's counsel in this matter.
>
> 20.      The Receiver and Retained Professionals are entitled to reasonable
> compensation and expense reimbursement from the receivership estate as described
> in the "Billing Instructions for Receivers in Civil Actions commenced by the U.S.
> Securities and Exchange Commission (the "Billing Instructions") agreed to by the
> Receiver.  Such compensation shall require the prior approval of the Court.

---

[1] Docket Nos. 8, 14 & 56.

[2] Docket No. 11.

4837-8847-3529\1

3.      The Court thereafter entered an *Order Granting Receiver's Ex Parte Motion Seeking Authorization to Employ Accountants*,[3] authorizing the Receiver's employment of BRG effective as of September 2, 2016.

4.      On March 28, 2017, the Court entered, among other things, a *Preliminary Injunction*[4] and an *Amended Order Appointing Receiver* (the "<u>Amended Receivership Order</u>").[5] The Amended Receivership Order restates, without making substantive changes to, paragraphs 19 and 20 of the Receivership Order quoted in ¶ 2 above.[6]

5.      On June 13, 2017, the Court entered an *Order Establishing Administrative Expense Payment Procedures* (the *"<u>Fee Procedures Order</u>")*,[7] setting forth procedures for the request and payment of professional fees and expenses in this case.  This Fee Application is an "<u>Interim Fee Application</u>" within the meaning of ¶ 10 of the Fee Procedures Order and is intended to meet the criteria of ¶¶ 11 through 15 of that Order.

6.      On February 16, 2018, the Court entered a *Second Amended Order Appointing Receiver* (the "<u>Second Amended Order</u>"), which did not affect billing and fee allowance procedures as set forth in the above-mentioned Orders, except that paragraph 5 of the Order requires that the Receiver "obtain prior approval from this court before using Receivership Assets to present arguments on the merits of the [SEC's] claims against Traffic Monsoon and

---

[3] Docket No. <u>25</u>.

[4] Docket No. <u>79</u>.

[5] Docket No. <u>81</u>.

[6] *Id*. (Amended Receivership Order ¶¶ <u>17-18</u>).

[7]  Docket No. <u>101</u>.

Scoville in the above captioned action . . .  or in any appeals from orders or judgments of this court."[8]

<u>*Notices of Requests for Payment*</u>

7.       During the Application Period, the Receiver filed three *Notices of Request for Payment* pursuant ¶¶ 1-5 of the Fee Procedures Order, seeking payment of fees and reimbursement of costs for the months of July, August, and September 2019 (the "<u>Monthly Requests</u>").[9]

8.       No objections to the Monthly Requests were filed and, accordingly, pursuant to ¶ 8 of the Fee Procedures Order, the Receiver paid 80% of the fees requested therein and reimbursed all out-of-pocket expenses.  A summary of payments made to the Receiver and each of the Professionals pursuant to the Monthly Requests is included in **Exhibit 1**.

<u>*Relevant Status Report*</u>

9.       On April 3, 2020, the Receiver filed her *Eighth Status Report* (the "<u>Status Report</u>").[10]  The Status Report outlines the work done by the Receiver and her professionals during the current Application Period and is incorporated herein by reference.

---

[8] Docket No. <u>120</u>.

[9] Docket Nos. <u>167</u>, <u>168</u>, <u>171</u>, <u>172</u>.

[10] Docket No. <u>239</u>.

4837-8847-3529\1

## II.

### FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED

10.     During the Application Period, significant professional services were required to perform the work outlined in the Status Report incorporated herein.

11.     The Receiver and her professionals have provided actual and necessary services related to the matters summarized in the Status Report and detailed in the Exhibits attached hereto for the benefit of the Receivership Estate.  Out-of-pocket expenses were also incurred by the professionals in rendering services to the Receivership Estate.

12.     Dorsey and BRG have submitted their invoices to the Receiver, and the Receiver has reviewed and approved the invoices.

13.     The Fee Application complies with the SEC's Billing Instructions.  In accordance with ¶ 12 of the Fee Procedures Order and the SEC Billing Instructions, the Receiver submitted this Fee Application to the SEC prior to filing it with the Court, and the SEC has informed the Receiver that it has no objection to the payment of the fees or reimbursement of the expenses outlined herein.

14.     With any adjustments made, the Receiver believes that the fees and expenses are reasonable, especially in light of the work that has been done during the Application Period as outlined in the Status Report.  She also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

**III.**

**SUMMARY OF EXHIBITS**

15.  Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached Exhibits described below.

16.  The Receiver and Dorsey have maintained their time in records organized according to tasks, with each task record being maintained in chronological order.  BRG has maintained its time in monthly time reports, with each month being broken into task categories.

17.  The following Exhibits are attached hereto in support of this Fee Application:

**Exhibit 1**[11]

| | |
|---|---|
| **Exhibit 1-A** | **Receiver Summary of Fees for Application Period** |
| **Exhibit 1-B** | **Dorsey Summary of Fees and Costs for Application Period** |
| **Exhibit 1-C** | **BRG Summary of Fees and Costs for Application Period** |

**Exhibit 2**

**Monthly Request for July 1 through July 31, 2019**[12]

---

[11] Each of the *Summaries* in Exhibit 1 include, among other things, a total of the fees and costs requested, with a cross reference to the Exhibits referenced below containing the professional's contemporaneous time records for such fees and costs.

[12] Docket No. 198.

6

**Exhibit 3**

**Monthly Request for August 1 through August 31, 2019**[13]

**Exhibit 4**

**Monthly Request for September 1 through September 30, 2019**[14]

**Exhibit 5**[15]

**Time Records of Receiver - October 1, 2019 Through March 31, 2020**

| | |
|---|---|
| **Exhibit 5-A** | **Case Administration** |
| **Exhibit 5-B** | **Asset Recovery** |
| **Exhibit 5-C** | **Claims Process** |

**Exhibit 6**

**Time Records of Dorsey – October 1, 2019 Through March 31, 2020**

| | |
|---|---|
| **Exhibit 6-A** | **Case Administration** |
| **Exhibit 6-B** | **Asset Recovery** |
| **Exhibit 6-C** | **General Litigation** |
| **Exhibit 6-D** | **Claims** |
| **Exhibit 6-E** | **International Services** |
| **Exhibit 6-F** | **Out-Of-Pocket Expenses** |

---

[13] Docket No. 221.

[14] Docket No. 229.

[15] Exhibits 5-7 contain invoices that have not yet been filed as part of Monthly Requests.

4837-8847-3529\1

**Exhibit 7**

**Time Records of BRG - October 1, 2019 Through March 31, 2020**

**IV.**

**SUMMARY OF AMOUNTS REQUESTED**

18.      The Receiver is requesting allowance of the following fees and out-of-pocket expenses, and authority to pay the outstanding amounts noted below:

a.      Receiver: From July 1, 2019 through the end of the Application Period on March 31, 2020, the Receiver has worked a total of 113.2 hours providing receivership services to the Receivership Estate for which fees in the total amount of $37,209.45 have been incurred after reductions.[16]  Of that amount, $12,371.40 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $24,838.05 remains outstanding.

b.      Dorsey: From July 1, 2019 through the end of the Reporting Period on March 31, 2020, Dorsey has worked a total of 452.6 hours and provided legal services to the Receivership Estate for which fees in the total amount of $165,632.75 and out-of-pocket expenses in the total amount of $4,363.69 have been incurred after reductions.[17] Of that amount, $60,312.30 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $109,684.14 remains outstanding.

c.      BRG:  From July 1, 2019 through the end of the Reporting Period on March 31, 2020, BRG has worked a total of 87.1 hours providing forensic and general

---

[16] *See* Exhs. 1-A, 2-A, 3-A, 4-A and 5-A through 5-D.

[17] *See* Exhs. 1-B, 2-B, 3-B, 4-B and 6-A through 6-F.

8

accounting services to the Receivership Estate for which fees in the total amount of $23,045.00 and out-of-pocket expenses in the total amount of $450.00 have been incurred after reductions.[18]  Of that amount, $12,687.20 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $10,807.80 remains outstanding.

19.     These amounts requested include reductions made by the respective professionals in an exercise of their billing judgment and/or at the request of the Receiver or the SEC.  The Receiver has reduced her fees in the total amount of $2,950.65 for the Application Period.[19] Dorsey has reduced its fees in the total amount of $11,506.75 for the Application Period.[20]  BRG has reduced its fees in the total amount of $2,062.50 for the Application Period.[21]

20.     Although allowance is sought of all fees and expenses, the Receiver will pay only those sums outstanding as set forth on Exhibits 1-A, 1-B and 1-C inasmuch as a portion of the fees and expenses have already been paid based on the unopposed Monthly Requests.

21.     The Receivership Estate has sufficient funds to pay all amounts requested.[22]

---

[18] *See* Exhs. 1-C, 2-C, 3-C, 4-C and 7.

[19] *See* Exh. 1-A.

[20] *See* Exh. 1-B.

[21] *See* Exh. 1-C.

[22] *See* Docket No. 239 (Status Report & Exhs. A-C (SFARs)).

4837-8847-3529\1

## V.
## PRIOR APPLICATIONS AND INTERIM NATURE OF REQUEST

22.     This is the eighth Fee Application of the Receiver and her professionals.

23.     The Court has previously entered *Orders* authorizing the Receiver's Interim Applications for the periods of July 27, 2016 through June 30, 2019.[23]  The Receiver has made the payments authorized by those Orders.

24.     The Receiver and her professionals understand that authorization and payment of fees and expenses is interim in nature.  All fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and final fee application.

## VI.
## CONCLUSION AND REQUEST FOR COURT APPROVAL

25.     For the reasons set forth above and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to contain the administrative expenses of this Receivership Estate, and she submits that given the work that has been performed as outlined in the Receiver's Status Report, the fees and expenses of all Professionals that have been incurred are reasonable.

26.     Thus, the Receiver respectfully submits this Fee Application and requests that the Court enter an Order allowing the fees and expenses requested herein.  She also requests that the Court authorize her to pay allowed fees and expenses from funds of the Receivership Estate to

---

[23] Docket Nos. 100, 107, 119, 163, 164, 209.

4837-8847-3529\1

the extent those fees and expenses have not been paid to date in accordance with the Fee

Procedures Order.

      Dated this 9th day of April, 2020.

                                              **RECEIVER**

                                              /s/ Peggy Hunt

                                        Peggy Hunt
                                        *Receiver, Peggy Hunt*

                                            **DORSEY & WHITNEY LLP**

                                              /s/ Michael F. Thomson

                                        Michael F. Thomson
                                        *Attorneys for Receiver, Peggy Hunt*

                                            **BERKLEY RESEARCH GROUP**

                                        /s/ Marvin Tenenbaum

                                        Marvin Tenenbaum
                                        *Senior Vice President & Special Advisor to the Chairman*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 9th day of April, 2020, I caused the foregoing **EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JULY 1, 2010 THROUGH MARCH 31, 2020** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record in this case.

_/s/ John J. Wiest_____

I further certify that on this 9th day of April, 2020, I caused the foregoing **EIGHTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JULY 1, 2019 THROUGH MARCH 31, 2020** to be emailed to the following:

wadleyd@sec.gov
olivera@sec.gov
moric@sec.gov

_/s/ John J. Wiest_____

4837-8847-3529\1