IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRAFFIC MONSOON, LLC and CHARLES SCOVILLE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES<br><br>Case No. 2:16-cv-000832-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a motion for attorney fees brought by defendant Charles Scoville. [Docket 197]. Scoville filed an interlocutory appeal from this court's order granting a preliminary injunction. He retained a Las Vegas law firm to represent him in that appeal.[1] The firm billed Scoville $188,397.31. After the Tenth Circuit affirmed the preliminary injunction, Scoville retained a prominent Washington D.C. law firm, Williams & Connolly, to prepare a petition for certiorari. Williams & Connolly billed Scoville $81,695.91. The Supreme Court denied the petition. Scoville now moves this court for an order directing the Receiver to pay these bills with receivership funds. The court DENIES Scoville's motion for attorney fees.

A defendant in a securities fraud lawsuit does not have a constitutional right to use frozen assets to pay for an attorney. *S.E.C. v. Marino*, 29 F. App'x 538, 541–42 (10th Cir. 2002) (unpublished) ("[A] swindler in securities markets cannot use the victims' assets to hire counsel

---

[1] The Receiver represents that one of the attorneys that worked on the appeal is Scoville's cousin.

who will help him retain the gleanings of crime." (citation omitted)). A district court, nonetheless, retains the discretion to unfreeze assets to pay a defendant's attorneys in full or in part. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) ("A district court may, within its discretion, forbid or limit payment of attorney fees out of frozen assets."); *F.T.C. v. Elite IT Partners, Inc.*, No. 2:19-cv-00125-RJS, 2019 WL 1568400, at *1 (D. Utah Apr. 5, 2019) ("The court has discretion to release receivership funds to pay for an individual defendant's attorney's fees.").

Where the receivership funds are insufficient to make all of the allegedly defrauded investors whole, the court must decide who deserves the funds more, the defendant or his alleged victims. *See F.T.C. v. Sharp*, No. CV-S89-870 RDF (RJJ), 1991 WL 214076, at *1 (D. Nev. July 23, 1991). A number of courts have rejected requests for access to frozen funds to pay attorneys where the funds are inadequate pay all claims to the funds. *Noble Metals*, 67 F.3d at 775; *Commodity Futures Trading Comm'n v. Morse*, 762 F.2d 60, 63 (8th Cir. 1985); *Elite IT Partners*, 2019 WL 1568400, at *2; *S.E.C. v. Callahan*, No. 12CV1065ADSAYS, 2015 WL 10853927, at *2 (E.D.N.Y. Dec. 24, 2015) (collecting cases); *S.E.C. v. Bravata*, 763 F. Supp. 2d 891, 920 (E.D. Mich. 2011); *S.E.C. v. Current Fin. Servs.*, 62 F. Supp. 2d 66, 68 (D.D.C. 1999).

In this case, the funds held by the receiver are insufficient to make the alleged victims of Scoville's Ponzi scheme whole. The Receiver holds about $53 million. But investor losses total more than $114 million. In addition, the court has determined that there is a high likelihood that the SEC will prove that Scoville was operating an illegal Ponzi scheme. Moreover, Scoville has neglected to answer the complaint against him and is in default. Given the high probability that the frozen assets will be used to repay defrauded investors and because they are not sufficient to fully compensate the victims, the court determines that it would not be equitable to take money

from victims of the fraud to pay Scoville's attorneys. *See S.E.C. v. Grossman*, 887 F. Supp. 649, 661 (S.D.N.Y. 1995) ("[I]t is well-established that there is no right to use the money of others for legal service.").

The court notes, moreover, that Scoville waited until after he received the legal services to seek permission to use the frozen assets to pay the bills for those services. Prior to the appeal, the court had already denied a request to use the frozen funds to pay for Scoville's legal fees associated with the preliminary injunction proceedings. [Docket 79 at 43–44]. Moreover, prior to oral argument on the appeal and well before the petition for certiorari had been filed, the court ordered that "Scoville and his counsel shall have no right to payment or reimbursement from the Receivership Assets for any fees, expenses, or costs incurred in this action or any appeal therefrom. [Docket 120 at 2]. Thus, the attorneys that worked on the appeal and the petition for certiorari took the case with the full knowledge of the risk of nonpayment if the appeal were unsuccessful. If Scoville or his attorneys had wished to be assured of payment, Scoville should have moved the court for fees prior to incurring the fees.

Scoville's motion for attorney fees is DENIED.

DATED May 29, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge