Peggy Hunt (Utah State Bar No. 6060)
John J. Wiest (Utah State Bar No. 15767)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
Telephone: (801) 478-6900
huntp@gtlaw.com
wiestj@gtlaw.com
heningerc@gtlaw.com

*Attorneys for Court-Appointed Receiver Peggy Hunt*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff.<br><br>v.<br><br>TRAFFIC MONSOON, LLC, a Utah Limited Liability Company, and CHARLES DAVID SCOVILLE, an individual,<br><br>Defendants. | **TWELFTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JANUARY 1, 2021 THROUGH MARCH 31, 2021**<br><br>2:16-cv-00832-JNP<br><br>The Honorable Jill N. Parrish |

Peggy Hunt, the Court-appointed Receiver (the "Receiver") of Traffic Monsoon, LLC ("Traffic Monsoon") and the assets of Charles David Scoville ("Scoville" and, together with Traffic Monsoon, the "Defendants") that were obtained directly or indirectly from Traffic Monsoon, hereby submits this interim "Fee Application," seeking approval by the Court of fees and expenses incurred by the Receiver; the Receiver's counsel, Greenberg Traurig, LLP ("Greenberg"); and the Receiver's accountants, Berkeley Research Group, LLC ("BRG"), for the period of January 1, 2021 through March 31, 2021 (the "Application Period") and authorization

to pay all allowed fees and expenses from funds of the Receivership Estate. The Receiver respectfully submits that the Application should be approved. In support hereof, the Receiver states as follows.

I.     **CASE BACKGROUND**

1.     On July 26, 2016, the above-captioned case was commenced by the United States Securities and Exchange Commission (the "SEC") against the Defendants, alleging violations of federal securities laws. On that same day, the Court entered a *Temporary Restraining Order and Order Freezing Assets*, which was amended, in relevant part, on July 27, 2016 and on November 4, 2016.[1]

*Relevant Orders*

2.     On July 27, 2016, the Court entered an *Order Appointing Receiver* (the "Receivership Order"),[2] thereby appointing the Receiver and stating in paragraphs 19 and 20 as follows:

> 19.    The Receiver is authorized to employ professionals to assist her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any professionals without first obtaining an Order of the Court authorizing such engagement. The Receiver is authorized to retain Dorsey & Whitney LLP, a firm in which the Receiver is a partner, as the Receiver's counsel in this matter.
>
> 20.    The Receiver and Retained Professionals are entitled to reasonable compensation and expense reimbursement from the receivership estate as described in the "Billing Instructions for Receivers in Civil Actions commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

---

[1] Docket Nos. 8, 14 & 56.

[2] Docket No. 11.

3. The Court thereafter entered an *Order Granting Receiver's Ex Parte Motion Seeking Authorization to Employ Accountants*,[3] authorizing the Receiver's employment of BRG effective as of September 2, 2016.

4. On March 28, 2017, the Court entered, among other things, a *Preliminary Injunction*[4] and an *Amended Order Appointing Receiver* (the "Amended Receivership Order").[5] The Amended Receivership Order restates, without making substantive changes to, paragraphs 19 and 20 of the Receivership Order quoted in ¶ 2 above.[6]

5. On June 13, 2017, the Court entered an *Order Establishing Administrative Expense Payment Procedures* (the *"*Fee Procedures Order*")*,[7] setting forth procedures for the request and payment of professional fees and expenses in this case. This Fee Application is an "Interim Fee Application" within the meaning of ¶ 10 of the Fee Procedures Order and is intended to meet the criteria of ¶¶ 11 through 15 of that Order.

6. On February 16, 2018, the Court entered a *Second Amended Order Appointing Receiver* (the "Second Amended Order"), which did not affect billing and fee allowance procedures as set forth in the above-mentioned Orders, except that paragraph 5 of the Order requires that the Receiver "obtain prior approval from this court before using Receivership Assets to present arguments on the merits of the [SEC's] claims against Traffic Monsoon and

---

[3] Docket No. 25.

[4] Docket No. 79.

[5] Docket No. 81.

[6] *Id*. (Amended Receivership Order ¶¶ 17-18).

[7] Docket No. 101.

Scoville in the above captioned action . . . or in any appeals from orders or judgments of this court."[8]

7. The Court entered an *Order Conditionally Granting Receiver's Ex Parte Motion Seeking Authorization to (1) Employ Greenberg Traurig, LLP, as Receiver's Counsel and (2) to Retain Dorsey & Whitney LLP as Special Counsel on a Limited Matter*,[9] authorizing the Receiver's employment of Greenberg effective as of May 7, 2020 (the "2020 Employment Order").

8. As set forth in Greenberg's invoices attached hereto, Greenberg has applied billing rates consistent with the 2020 Employment Order.

*Notices of Requests for Payment*

9. During the Application Period, the Receiver filed three *Notices of Request for Payment* pursuant ¶¶ 1-5 of the Fee Procedures Order, seeking payment of fees and reimbursement of costs for the months of January, February, and March 2021 (the "Monthly Requests").[10]

10. No objections to the Monthly Requests were filed and, accordingly, pursuant to ¶ 8 of the Fee Procedures Order, the Receiver paid 80% of the fees requested therein and reimbursed all out-of-pocket expenses.

11. A summary of payments made to the Receiver and each of the Professionals pursuant to the Monthly Requests is included in **Exhibit 1**.

---

[8] Docket No. 120.
[9] Docket No. 258.
[10] Docket Nos. 315, 316, & 326.

*Relevant Status Report*

12. On May 10, 2021, the Receiver filed her *Twelfth Status Report* (the "Status Report").[11] The Status Report outlines the work done by the Receiver and her professionals during the current Application Period and is incorporated herein by reference.

II. **FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED**

13. During the Application Period, significant professional services were required to perform the work outlined in the Status Report incorporated herein.

14. The Receiver and her professionals have provided actual and necessary services related to the matters summarized in the Status Report and detailed in the Exhibits attached hereto for the benefit of the Receivership Estate. Out-of-pocket expenses were also incurred by the professionals in rendering services to the Receivership Estate.

15. Greenberg and BRG have submitted their invoices to the Receiver. The Receiver reviewed the invoices and, when necessary, requested adjustments to the fees or expenses requested. The Receiver also reviewed her time records and adjustments were made when necessary. The invoices included in the Monthly Requests are the invoices that have been approved by the Receiver and the Receiver knows of no dispute related to the requests made.

16. The Fee Application complies with the SEC's Billing Instructions. In accordance with ¶ 12 of the Fee Procedures Order and the SEC Billing Instructions, the Receiver submitted this Fee Application to the SEC prior to filing it with the Court, and the SEC has informed the

---

[11] Docket No. 330.

Receiver that it has no objection to the payment of the fees or reimbursement of the expenses outlined herein.

17. With any adjustments made, the Receiver believes that the fees and expenses are reasonable, especially in light of the work that has been done during the Application Period as outlined in the Status Report. She also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

### III.  SUMMARY OF EXHIBITS

18. Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached Exhibits described below.

19. The Receiver and her professionals have billed their time according to topical tasks noted in their respective invoices, and time is billed chronologically based on task.

20. The following Exhibits are attached hereto in support of this Fee Application:

### Exhibit 1[12]

| | |
|---|---|
| **Exhibit 1-A** | Receiver Summary of Fees and Expenses for the Application Period |
| **Exhibit 1-B** | Greenberg Summary of Fees and Expenses for the Application Period |
| **Exhibit 1-C** | BRG Summary of Fees and Expenses for the Application Period |

---

[12] Each of the *Summaries* in Exhibit 1 include, among other things, a total of the fees and costs requested, with a cross reference to the Exhibits referenced below containing the professional's contemporaneous time records for such fees and costs.

**Exhibit 2**

Monthly Request for January 1 through January 31, 2021[13]

**Exhibit 3**

Monthly Request for February 1 through February 28, 2021[14]

**Exhibit 4**

Monthly Request for March 1 through March 31, 2021[15]

IV. **SUMMARY OF AMOUNTS REQUESTED**

21. The Receiver is requesting allowance of all fees and out-of-pocket expenses discussed below. Although allowance is sought of all fees and expenses, the Receiver will pay only those sums outstanding as set forth below because a portion of the fees and expenses have already been paid as requested in the unopposed Monthly Requests and as authorized by the Fee Procedures Order.

22. The Receivership Estate has sufficient funds to pay all amounts requested.[16]

*Receiver*

23. From January 1, 2021 through the end of the Application Period on March 31, 2021, the Receiver has worked a total of 61.3 hours providing receivership services to the Receivership Estate for which fees in the total amount of $21,507.75 have been incurred after reductions.[17]

---

[13] Docket No. 315.

[14] Docket No. 316.

[15] Docket No. 326.

[16] *See* Docket No. 330. (Status Report & Exh. 1 (SFAR)).

[17] *See* Exhs. 1-A, 2-A, 3-A, and 4-A.

24. Of that amount, $17,206.20 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $4,301.55 remains outstanding.[18]

25. The amount requested includes reductions made by the Receiver in an exercise of her billing judgment and/or at the request of SEC. The Receiver has reduced her fees in the total amount of $284.40 for the Application Period.[19]

## Greenberg

26. From January 1, 2021 through the end of the Application Period on March 31, 2021, Greenberg worked a total of 278.7 hours and provided legal services to the Receivership Estate for which fees in the total amount of $107,663.50 and out-of-pocket expenses in the total amount of $932.27 have been incurred after reductions.[20]

27. Of that amount, $87,063.07 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $21,532.70 remains outstanding.[21]

28. The amount requested includes reductions made by Greenberg in an exercise of its billing judgment and/or at the request of the Receiver or the SEC. Greenberg has reduced its fees in the total amount of $3,159.00 for the Application Period.[22] Not reflected in these reductions is the fact that the rates applied are far below the relevant attorneys' actual Salt Lake City, Utah market rates and do not account for their years of experience or their specialized knowledge of matters related to this case.

---

[18] *See* Exh. 1-A.

[19] *See* Exh. 1-A.

[20] *See* Exhs. 1-B, 2-B, 3-B, and 4-B.

[21] *See* Exh. 1-B.

[22] *See* Exh. 1-B.

*BRG*

29.     From January 1, 2021 through the end of the Application Period on March 31, 2021, BRG worked a total of 67.5 hours providing forensic and general accounting services to the Receivership Estate for which fees in the total amount of $19,540.50 and out-of-pocket expenses in the total amount of $190.95 have been incurred after reductions.[23]

30.     Of that amount, $15,823.35 has already been paid pursuant to the unopposed Monthly Requests and, therefore, a total of $3,908.10 remains outstanding.[24]

31.     The amount requested includes reductions made by BRG in an exercise of its billing judgment and/or at the request of the Receiver or the SEC.  BRG has reduced its fees in the total amount of $1,200.00 for the Application Period.[25]

**V.     PRIOR APPLICATIONS AND INTERIM NATURE OF REQUEST**

32.     This is the twelfth Fee Application of the Receiver and her professionals.

33.     The Court has previously entered *Orders* authorizing the Receiver's Interim Applications for the periods of July 27, 2016 through December 31, 2020.[26]

34.     The Receiver and her professionals understand that authorization and payment of fees and expenses is interim in nature.  All fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and fee application.

---

[23] *See* Exhs. 1-C, 2-C, 3-C, and 4-C.

[24] *See* Exh. 1-C.

[25] *See* Exh. 1-C.

[26] Docket Nos. 100, 107, 119, 163, 164, 209, 246, 276, 282, and 310.

## VI. REQUEST FOR COURT APPROVAL

35.     For the reasons set forth above and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to contain the administrative expenses of this Receivership Estate, and she submits that given the work that has been performed as outlined in her Status Report, the fees and expenses of all professionals that have been incurred are reasonable.

36.     Thus, the Receiver respectfully submits this Fee Application and requests that the Court enter an Order allowing the fees and expenses requested herein. She also requests that the Court authorize her to pay allowed fees and expenses from funds of the Receivership Estate to the extent those fees and expenses have not been paid to date in accordance with the Fee Procedures Order.

[*SIGNATURE PAGE FOLLOWS*]

DATED May 12, 2021.

                **RECEIVER**

                */s/ Peggy Hunt*
                Peggy Hunt

                **GREENBERG TRAURIG, LLP**

                */s/ John Wiest*
                John Wiest
                *Counsel for Receiver*

                **BERKELEY RESEARCH GROUP**

                */s/ Kathleen E. Koppenhoefer*
                Kathleen E. Koppenhoefer
                Vice President & Deputy General Counsel
                *Accountants for Receiver*

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2021, I caused the foregoing **TWELFTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JANUARY 1, 2021 THROUGH MARCH 31, 2021** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record in this case.

                _/s/ Candy Long_

I further certify that on this 12th day of May, 2021, I caused the foregoing **TWELFTH INTERIM FEE APPLICATION FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR SERVICES RENDERED FROM JANUARY 1, 2021 THROUGH MARCH 31, 2021** to be emailed to the following:

wadleyd@sec.gov
olivera@sec.gov
fronkc@sec.gov
combst@sec.gov

                _/s/ Candy Long_