IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>TRAFFIC MONSOON, LLC, and CHARLES DAVID SCOVILLE,<br><br>    Defendants. | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00832-JNP<br><br>District Judge Jill N. Parrish |

The court appointed a Special Master to adjudicate disputes regarding claims for compensation submitted by purported victims of the pyramid scheme operated by defendants Traffic Monsoon, LLC and Charles Scoville. After conducting hearings with claimants, the Special Master issued a Report and Recommendation. ECF No. 537. The Special Master recommended disallowing some disputed claims and allowing or allowing in part other claims. Pursuant to the procedures adopted by the court, 14 claimants objected to the Report and Recommendation. The court invited the Receiver to respond to these objections.

The court reviews de novo the objections to the Report and Recommendation. *See* FED R. CIV. P. 53(f)(3), (4). Having reviewed these objections and the Receiver's response, the court, as detailed below, overrules some objections and sustains others. Accordingly, the court ADOPTS IN PART the Report and Recommendation issued by the Special Master.

I.   **OBJECTIONS TO THE LOSS AMOUNT**

The Receiver, with the aid of a forensic accounting firm, calculated the out-of-pocket loss each claimant suffered due to their participation in the Traffic Monsoon pyramid scheme. The

claimants who submitted objection numbers 1, 2, 4, 10, and 14 argued that their actual loss was higher than that calculated by the Receiver. Considering the arguments and evidence presented by these claimants, the Special Master disagreed. Accordingly, she recommended that the court adopt the scheduled loss amounts computed by the Receiver.

Claimants 1, 2, 4, 10, and 14 submitted timely objections to the Report and Recommendation. Having reviewed the documents submitted by these claimants, as well as the documents submitted by the Receiver in support of the scheduled loss amount, the court finds that the evidence supports the loss amounts calculated by the Receiver. Thus, the court OVERRULES the objections submitted by Claimants 1, 2, 4, 10, and 14 and adopts the Special Master's recommendation that no change be made to the scheduled loss amounts for these claimants.[1]

## II.     DUPLICATE CLAIMS

Claimant 3 submitted a total of eleven claims for compensation. The Special Master recommended that ten of these claims be denied as duplicative. Claimant 3 objected to the report and recommendation. But he makes no mention of the recommendation to deny the duplicative claims. Instead, Claimant 3 argues that the loss amount calculated for the remaining claim (claim number 40398) was inadequate.

The court OVERRULES Claimant 3's objection. Claim number 40398 was not adjudicated by the Special Master in the Report and Recommendation. Accordingly, any objection to the loss amount calculated for this claim is procedurally improper. Moreover, Claimant 3 has not objected

---

[1] The Special Master also recommended that one of Claimant 4's claims be disallowed as a duplicate claim (claim number 35097) and that two of Claimant 14's duplicative claims be disallowed because they were late (claim numbers 53184 and 53185). These claimants did not object to these portions of the Report and Recommendation. The court, therefore, does not review the Special Master's recommendations for these claims.

to the Special Master's recommendation that the duplicate claims be denied. Any objection to the denial of the duplicative claims has been waived.

### III. CLAIMS SUBMITTED LATE

Claimants 6, 7, 8, 9, 12, and 13 (the late claimants) submitted claims after the April 10, 2020 deadline established by the court. The Special Master recommended that these claims be denied because the claimants failed to provide either an adequate explanation or sufficient evidence to justify allowing the late claims. The late claimants submitted timely objections to this recommendation.

The court SUSTAINS these objections. Two of the late claimants missed the deadline by only a week or two. Moreover, these claimants provided compelling reasons for being tardy, including contracting COVID-19 during the initial stages of the global pandemic, intermittent access to email and the internet, and ineffective attempts to comply with the deadline by email rather than through the internet portal established by the Receiver. A number of victims of the fraud perpetrated by the defendants in this action live in some of the poorer corners of the globe and lost their life savings. The court determines that an overly stringent application of the claim bar date to disallow any compensation for these late claimants would be unjust and against the spirit of this process, which is to compensate fraud victims to the fullest extent possible.

Accordingly, the court does not adopt the portion of the Report and Recommendation that denies the claims of Claimants 6, 7, 8, 9, 12, and 13. The court directs the Receiver to compensate these claimants according to their scheduled loss amounts.

### IV. Claimant 5

Claimant 5 submitted three separate claims. The first claim was timely, and the Receiver calculated the loss amount for this claim. The second and third claims were submitted late, and the

3

Special Master recommended denying them based on the tardy submissions. Claimant 5 objected to the recommended denials of the second and third claims. The court OVERRULES the objection. Because Claimant 5 will be compensated pursuant to the first claim, the dismissal of the second and third claims, which he concedes to be mere extensions of his first claim, will not affect the amount of his compensation.

V.      **Claimant 11**

Claimant 11 submitted a late claim. The Special Master determined that Claimant 11 had adequately documented a compelling justification for the late filing and recommended allowing this claim. Claimant 11 objected, arguing that his claim should be allowed because he was a frontline healthcare worker during the COVID-19 pandemic. Because the Special Master had already recommended allowing the claim, this objection is MOOT.

## CONCLUSION

The court overrules the objections submitted by Claimants 1, 2, 3, 4, 5, 10, and 14. The court finds that the objection submitted by Claimant 11 is moot. Finally, the court affirms the objections submitted by Claimants 6, 7, 8, 9, 12, and 13 and directs the Receiver to compensate these claimants according to their scheduled loss amounts. The court ADOPTS the Report and Recommendation submitted by the Special Master to the extent that it does not conflict with this order.

DATED July 26, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge